Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
1301 W. 22nd Street, Suite 711
Oak Brook, IL 60523
Tel: 312-224-4695
Fax: 312-253-4451
mike.agruss@844seemike.com
Attorney for Plaintiff,
MANUEL MEDINA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| MANUEL MEDINA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BROADWAY ACCOUNT SERVICES, INC.,<br><br>　　　　Defendant. | **Case No.:**<br><br>**PLAINTIFF'S COMPLAINT** |

　　　Plaintiff, MANUEL MEDINA ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, BROADWAY ACCOUNT SERVICES, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA").

1

## JURISDICTION AND VENUE

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the City of Bakersfield, Kern County, State of California.

7. Plaintiff is a consumer and a debtor as those terms are defined by the FDCPA and RFDCPA respectively.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the RFDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and the RFDCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a New York business corporation with its headquarters in the Town of Cheektowaga, Erie County, State of New York.

12. Defendant is a business entity engaged in the collection of debt within the State of California.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third

parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff allegedly owed by Plaintiff.

20. Defendant assigned file number 168627 to the alleged debt.

21. The alleged debt at issue arises from transactions for personal, family, and household purposes.

22. In or around May 2023, Defendant began calling Plaintiff attempting to collect the alleged debt from Plaintiff.

23. Defendant places calls to Plaintiff's cellular telephone at 805-228-9779 in an attempt to collect the alleged debt.

24. Defendant calls Plaintiff from at least, 877-871-6794 and 855-485-9509, which are two of Defendant's telephone numbers.

25. On or about May 22, 2022, Plaintiff answered one of Defendant's collection calls.

26. During the above-referenced collection call:

    a. Defendant's collector attempted to collect the alleged debt from Plaintiff;

    b. Defendant's collector threatened that Defendant would sue Plaintiff and serve him with paperwork if he did not pay the alleged debt immediately;

    c. Defendant's collector told Plaintiff they were going to charge him more money if he did not pay; and

    d. As a result of Defendant's collector's threat, Plaintiff made a payment of $500.00.

27. Defendant never intended to sue Plaintiff.

28. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

29. Plaintiff has suffered at least $500.00 in monetary damages as a result of Defendant's statements and actions.

30. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

31. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

32. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owed.

33. Defendant's actions constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to his legally protected interest of his individual privacy.

## COUNT I
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

34. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant coerced payment from Plaintiff with the use of empty threats of legal action;

4

b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the following discrete violations of § 1692e;

c. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant coerced payment from Plaintiff with the use of empty threats of legal action;

d. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant coerced payment from Plaintiff with the use of empty threats of legal action;

e. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein; and

a. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when, at least, Defendant's collector demanded that Plaintiff pay immediately, especially under the threat of being sued by Defendant.

WHEREFORE, Plaintiff, MANUEL MEDINA, respectfully requests judgment be entered against Defendant, BROADWAY ACCOUNT SERVICES, INC., for the following:

5

35. Actual damages of not less than $500.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k, to be determined at trial;

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

37. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

38. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff repeats and re-alleges paragraphs 1-33 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the § 1788.10(e) of the RFDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant's collector made empty threats of legal action to Plaintiff; and

   b. Defendant violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* as detailed *supra* in Count I.

WHEREFORE, Plaintiff, MANUEL MEDINA, respectfully requests judgment be entered against Defendant, BROADWAY ACCOUNT SERVICES, INC., for the following:

41. Actual damages of not less than $500.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(a), to be determined at trial;

42. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

43. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

44. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,
DATED: August 21, 2023                AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff
MANUEL MEDINA