Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
1301 W. 22nd Street, Suite 711
Oak Brook, IL 60523
Tel: 312-224-4695
Fax: 312-253-4451
mike.agruss@844seemike.com
Attorney for Plaintiff,
MANUEL MEDINA

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| MANUEL MEDINA, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:23−CV−01261−JLT−CDB |
| | ) |
| v. | ) MOTION FOR DEFAULT JUDGMENT |
| | ) |
| | ) Date: February 13, 2024 |
| BROADWAY ACCOUNT SERVICES, INC., | ) Time: 10:30 a.m. |
| | ) |
| | ) **Christopher D. Baker** |
| Defendant. | ) **U.S. Magistrate Judge** |
| | ) |

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on February 13, 2024 at 10:30 a.m., at the United States District Court for the Eastern District of California, Bakersfield Federal Courthouse, 510 19th Street, Suite 200, Bakersfield, California, that Plaintiff, MANUEL MEDINA ("Plaintiff"), by and through his attorneys, hereby do and shall request this Honorable Court to enter default judgment against Defendant, BROADWAY ACCOUNT SERVICES, INC. ("Defendant"). Plaintiff bases his motion on the brief contained herein, any and all documents attached hereto as exhibits, the docket for this matter, and any other documents and/or evidence available to Plaintiff.

The Clerk of the Court has entered an order on Plaintiff's Request to Enter Default at (Doc. No. 8), leaving this Honorable Court to grant Plaintiff's Motion. Plaintiff seeks default judgment against Defendant in the amount of $2,500.00, representing $500.00 in actual damages, $1,000.00 in statutory damages to Plaintiff pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A), plus additional statutory damages in the amount of $1,000.00 pursuant to the RFDCPA, Cal. Civ. 1788.30.

DATED: December 20, 2023                                **AGRUSS LAW FIRM, LLC**

                                                        By: /s/ Michael Agruss
                                                            Michael Agruss
                                                            Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     **BACKGROUND**

Plaintiff filed a two-count Complaint against, Defendant on August 22, 2023. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (Doc. No. 1). Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA"). (Doc. No. 1). In his Complaint, Plaintiff alleges:

In or around May 2023, Defendant began placing calls to Plaintiff in an attempt to collect an alleged debt. Defendant called Plaintiff's cellular telephone at 805-228-9779 in an attempt to collect the alleged debt. Defendant called Plaintiff from several numbers, including 877-871-6794 and 855-485-9509, which are two of Defendant's telephone numbers. On or about May 22, 2023, Plaintiff answered one of Defendant's collection calls.

With regard to the above referenced collection call: Defendant's collector attempted to collect the alleged debt from Plaintiff; Defendant's collector threatened that Defendant would sue Plaintiff and serve him with paperwork if he did not pay the alleged debt immediately; Defendant's collector told Plaintiff they were going to charge him more money if he did not pay; and as a result of Defendant's collector's threat, Plaintiff made a payment of $500.00. Defendant never intended to sue Plaintiff. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt. Plaintiff has suffered at least $500.00 in monetary damages as a result of Defendant's statements and actions. (A true-and-correct copy of documentation for the transaction is attached hereto as Exhibit A).

The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff. The natural consequences

of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt. The natural consequences of Defendant's actions was to cause Plaintiff mental distress. Defendant's actions constitute an invasion of Plaintiff's individual privacy and Plaintiff has suffered a concrete and particularized injury to his legally protected interest of his individual privacy. *See* Plaintiff's Complaint.

Defendant was served with a summons and Plaintiff's Complaint on September 7, 2023 via WNY Process Service, LLC. (Doc. No. 5). Because Defendant did not respond to Plaintiff's Complaint within the time and in the matter provided by Fed. R. Civ. P. 12, Plaintiff requested this Court for an Entry of Default on November 20, 2023. (Doc. No. 7). On November 20, 2023, the Clerk of Court entered an order defaulting Defendant pursuant to Fed. R. Civ. P 55(a). (Doc. No. 8).

Plaintiff hereby states the following: (1) On November 20, 2023, the Clerk of Court entered an order defaulting Defendant for Defendant's failure to respond to Plaintiff's Complaint; (2) The defaulting party is not an infant or incompetent person; (3) The Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply; and (4) Notice has been served on Defendant, the defaulting party, by means specified in the Proof of Service filed with this Court on September 12, 2023. Accordingly, Plaintiff seeks default judgment against Defendant in the amount of $2,500.00, representing $500.00 in actual damages, $1,000.00 in statutory damages to Plaintiff pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A), plus additional statutory damages in the amount of $1,000.00 pursuant to the RFDCPA, Cal. Civ. 1788.30.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 authorizes courts to enter a default judgment as to any party that "fail[s] to plead or otherwise defend." Fed. R. Civ. P. 55(a)-(b)(2). The Ninth Circuit has enumerated the following factors that a court may consider in determining whether to grant default judgment: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *PepsiCo, Inc. v. Cal Sec. Cans,* 238 F. Supp.2d 1172, 1175 (C.D. Cal. 2002); *citing Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). As discussed below, the *Eitel* factors support granting default judgment against Defendant in the amount of $2,000.00.

## III. PLAINTIFF'S COMPLAINT STATES A VIABLE CAUSE OF ACTION

The first two *Eitel* factors are (1) the merits of the plaintiff's substantive claim; and (2) the sufficiency of the complaint. *Eitel v. McCool*, 782 F. 2d at 1471-72. The Ninth circuit has stated that these two factors require that a Plaintiff "state a claim on which the [plaintiff] may recover." *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. Feb.13, 1996) (*citing Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

In his Complaint, as excerpted above, Plaintiff alleges the requisite facts to make out claims pursuant to the FDCPA and RFDCPA. The above-referenced facts demonstrate that Defendant violated the FDCPA and RFDCPA, as follows: Defendant violated § 1692d of the FDCPA by

engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant coerced payment from Plaintiff with the use of empty threats of legal action; Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the following discrete violations of § 1692e; Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant coerced payment from Plaintiff with the use of empty threats of legal action; Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant coerced payment from Plaintiff with the use of empty threats of legal action; Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein; Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein; and Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when, at least, Defendant's collector demanded that Plaintiff pay immediately, especially under the threat of being sued by Defendant.

Defendant likewise violated § 1788.10(e) of the RFDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant's collector made empty threats of legal

action to Plaintiff and § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

IV.   **PLAINTIFF'S REQUEST FOR MONETARY JUDGMENT IS REASONABLE**

"Under the third *Eitel* factor, the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal Sec. Cans,* 238 F. Supp.2d at 1176. Plaintiff seeks default judgment against Defendant in the amount of $2,500.00, representing $500.00 in actual damages, $1,000.00 in statutory damages to Plaintiff pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A), plus additional statutory damages in the amount of $1,000.00 pursuant to the RFDCPA, Cal. Civ. 1788.30. As demonstrated *infra*, the actual and statutory damages sought by Plaintiff are reasonable in light of Defendant's violations of the FDCPA and RFDCPA.

   A.   **PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES IS REASONABLE**

Plaintiff respectfully submits that he is entitled to relief because his claims are well-pled and establish Defendant's violations of the FDCPA and RFDCPA. First, Plaintiff notes that proof **of only one violation** is sufficient to support judgment for Plaintiff under the FDCPA or RFDCPA. *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60 (2nd Cir. 1993).[1]

As discussed *supra*, Plaintiff alleges that Defendant engaged in a wide range of conduct that violates the FDCPA and RFDCPA. Defendant's conduct was therefore in clear violation of multiple sections of both the FDCPA and RFDCPA. Finally, Defendant's conduct was

---

[1] Legal authority interpreting the FDCPA is also instructive authority as it pertains to the RFDCPA. The FDCPA does not preempt the RFDCPA, as defendant suggests. See *Alkan v. Climortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004). "Instead, California has simply incorporated by reference the text of certain federal provisions into the [RFDCPA], rather than copying them verbatim into the California code." *Id.*

intentional, as there is nothing to suggest that Defendant's behavior was unintentional or the result of a mistake.

### B.    PLAINTIFF'S REQUEST FOR COSTS AND ATTORNEYS' FEES

Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(3), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. § 1788.30(c), as well as Local Rules 292 and 293, Plaintiff intends to file a Bill of Costs and Application for Award of Attorneys' Fees, if Plaintiff's Motion for Default Judgment is granted.

### V.    PLAINTIFF WILL SUFFER GREAT PREJUDICE IF RELIEF IS DENIED

The fourth *Eitel* factor to consider is whether Plaintiff would suffer prejudice if this Honorable Court denied default judgment.  Here, Plaintiff would be denied judicial resolution and would not have any other recourse against Defendant.  *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177.  Additionally, Defendant would not have an incentive to correct its behavior, and therefore would continue to violate the law in an attempt to collect debts from consumers.  Therefore, Plaintiff would undoubtedly suffer great prejudice if relief were denied.

### VI.    THE POSSIBILITY OF DISPUTED MATERIAL FACTS IS SMALL

The fifth *Eitel* factor focuses on the likelihood of disputed material facts in this case. However, "upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Cal. Sec. Cans*, 238 F. Supp. at 1177.  Thus, because the Clerk of Court entered an order defaulting Defendant, "no genuine dispute of material facts would preclude granting Plaintiff['s] [M]otion." *Id*.

### VII.    DEFAULT LIKELY DID NOT RESULT FROM EXCUSABLE NEGLECT

It is highly unlikely that the default here was due to excusable neglect. Defendant was served with a summons and Plaintiff's Complaint on September 7, 2023, and Plaintiff filed the

Proof of Service with this Court on September 12, 2023. (Doc. No. 5). On November 20, 2023, the Clerk of this Honorable Court entered an order defaulting Defendant pursuant to Fed. R. Civ. P 55(a). (Doc. No. 8). Despite repeated notice, Defendant has failed to acknowledge this litigation, the entry of default, and regardless, has failed to appear or defend this lawsuit. Therefore, the fourth *Eitel* factor weighs in favor of default judgment.

## VIII. PUBLIC POLICY FAVORS DEFAULT JUDGMENT

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But, "this preference, standing alone, is not dispositive." *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177. Furthermore, "Defendant's failure to answer Plaintiff[s'] Complaint makes a decision on the merits impractical if not impossible. Under FRCP 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Id.* Despite continued opportunities, Defendant has failed to respond to or defend this lawsuit, and therefore, this last *Eitel* factor favors this Honorable Court to enter default judgment against Defendant.

## IX. CONCLUSION

In order for Plaintiff to obtain default judgment against Defendant, Plaintiff must not only satisfy the requirements of FRCP 55(a), but Plaintiff's Complaint must also contain uncontested factual allegations which, taken as true, state a viable cause of action. Here, Plaintiff satisfied the requirements of FRCP 55(a) and demonstrated that Plaintiff's Complaint states a strong showing of relief under the FDCPA and RFDCPA. Therefore, this Honorable Court should enter default judgment against Defendant in the amount of $2,500.00, representing $500.00 in actual damages, $1,000.00 in statutory damages to Plaintiff pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A), plus additional statutory damages in the amount of $1,000.00 pursuant to the RFDCPA, Cal. Civ. 1788.30.

WHEREFORE, Plaintiff, MANUEL MEDINA, respectfully requests this Honorable Court to enter Default Judgment against Defendant, BROADWAY ACCOUNT SERVICES, INC, and to award Plaintiff $2,500.00 for his actual and statutory damages.

DATED: December 20, 2023 **AGRUSS LAW FIRM, LLC**

By: /s/ Michael Agruss
    Michael Agruss
    Attorneys for Plaintiff

# **EXHIBIT A**



MOTION FOR DEFAULT JUDGMENT

Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
1301 W. 22nd Street, Suite 711
Oak Brook, IL 60523
Tel: 312-224-4695
Fax: 312-253-4451
mike.agruss@844seemike.com
Attorney for Plaintiff,
MANUEL MEDINA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| MANUEL MEDINA, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:23−CV−01261−JLT−CDB |
| | ) |
| v. | ) **PROOF OF SERVICE** |
| | ) |
| BROADWAY ACCOUNT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

I, Michael S. Agruss, state the following:

I am employed in Oak Brook, IL. I am over the age of 18 and am not a party to this action. My business address is 1301 W 22nd Street, Suite 711 Oak Brook, IL 60523. On December 20, 2023, I served the following documents:

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On the parties listed below:

    Broadway Account Services, Inc.
    3842 Harlem Rd., 400-142
    Buffalo, NY 14215

By the following means of service:

- 1 -

| | |
|---|---|
| [X] | **BY MAIL:** I deposited the envelope in the mail via first class mail. The envelope was mailed with postage fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document was deposited with the U.S. Postal Service on this date with postage fully prepaid, in the ordinary course of business. |
| [X] | **FEDERAL:** I declare under penalty of perjury that the above is true and correct. |

Executed on December 20, 2023.

By: /s/ Michael S. Agruss
Michael S. Agruss