UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MEDINA,<br><br>          Plaintiff,<br><br>     v.<br><br>BROADWAY ACCOUNT SERVICES, INC.,<br><br>          Defendant. | Case No. 1:23-cv-01261-JLT-CDB<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**14-DAY DEADLINE**<br><br>(Doc. 9). |

Pending before the Court is the motion of Plaintiff Manuel Medina ("Plaintiff" or "Medina") for default judgment, filed on December 20, 2023. (Doc. 9). Defendant Broadway Account Services, Inc. ("Defendant"), a New York corporation, has not appeared in this action and did not file an opposition or other response to Medina's motion.

**Background**

Medina initiated this action by filing a complaint on August 22, 2023. (Doc. 1). According to the complaint, in or around May 2023, Defendant began calling Medina and attempted to collect a debt that Medina allegedly owes. *Id*. ¶19. Defendant called Medina at two of his telephone numbers, and on or around May 22, 2022, Medina answered one of Defendant's collection calls. *Id*. ¶25.

During this call, Defendant attempted to collect the alleged debt and threatened Medina with legal action if he did not pay the alleged debt immediately. *Id*. ¶26. Defendant further told Medina that he would be charged more money if he did not pay, and because of Defendant's threat, Medina made a payment of $500.00 dollars. *Id*. The complaint alleges that Defendant

never intended to sue Medina, but rather used the threat of legal action to coerce him into payment of the alleged debt. *Id.* ¶28.

According to the summons returned executed, Medina served Defendant with process on September 7, 2023. (Doc. 5). Although the summons reflects Defendant as having an address in Depew, New York (hereinafter, the "Depew address"), the process server's affidavit of service reflects that service was effected on Defendant by hand delivery to a "Clerk-refused name" at an address in Buffalo, New York, characterized as Defendant's usual place of business (hereinafter, the "Buffalo address"). *See id.*

Defendant has failed to appear or file a responsive pleading to Medina's complaint. (Doc. 6). At Medina's request, the Clerk of Court entered default against Defendant on November 20, 2023. (Docs. 7-8). According to his filings, Medina mailed both the request for entry of default and motion for default judgment to Defendant at the Buffalo address. (Docs. 7, 9).

**Legal Standard**

**Adequacy of Service of Process**

"As a threshold matter in considering a motion for default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested." *Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013) (internal quotation and citation omitted).

Here, Plaintiff's summons returned executed reflects that the process server served a person of suitable age and discretion with a true copy of the documents and confirmed that this was Defendant's place of employment/usual place of business. (Doc. 5). The affidavit does not assert or otherwise mention whether the recipient was authorized to accept service. *See, Shengjian Zhuang v. Hui's Garden Restaurant Inc.*, No. 17-CV-7547-EVN-SJB, 2019 WL 1578193, at * 2 (E.D.N.Y. Feb. 19, 2019) (finding default inappropriate as "Jane Doe" recipient was summarily identified as able to accept service without any evidence as to how that conclusion was reached).

Rule 4(h) of the Federal Rule of Civil Procedure governs service upon corporate defendants and provides that service may be accomplished in the same way under Rule 4(e)(1) or "[b]y delivering a copy of the summons and of the complaint to an officer, a managing or general

agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(b).  A plaintiff also may properly effectuate service by following state laws governing service of process "in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Therefore, here, Plaintiff may comply with federal law as outlined by Rule 4(h) or the state service of process laws in either California, the state in which this Court is located, or New York, the state where Defendant is incorporated and was served.

New York law provides that service upon a corporation may be made by delivering copies of the summons and complaint "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. 311(a)(1); *BASF Corporation v. Original Fender Mender, Inc.*, No. 23-CV-2796, 2023 WL 8853704, at *5-6 (E.D.N.Y. Dec. 22, 2023).  In turn, section 306 of New York's Business Corporation Law permits service of process on the secretary of state as agent of a corporation. N.Y. Bus. Corp. Law § 306.  *See King v. Regen Medical Management, LLC*, No. 20-cv-6050 (AJN), 2021 WL 4066598, at *3 (S.D.N.Y. Sept. 7, 2021) (finding service on the New York Secretary of State to be valid service and pointing out that corporations are obligated to keep their current address on file with the Secretary of State).

Likewise, California law permits a plaintiff to serve a corporation by delivering a copy of the summons and complaint (1) "[t]o the person designated as an agent for service of process" under the California Corporations Code, (2) "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or person authorized by the corporation to receive service of process," or (3) to the California Secretary of State if a plaintiff cannot serve the corporation by reasonable diligence. Cal. Civ. Proc. Code § 416.10(a), (b), (d).

Plaintiff's affidavit of service provides that a process server personally delivered a copy of the summons and complaint to a "Clerk-refused name, a person of suitable age and discretion who confirmed that this was the place of employment / usual place of business of BROADWAY

3

ACCOUNT SERVICES, INC." (Doc. 5).  The Court finds that Plaintiff's attempt to serve a corporate Defendant by delivering copies of the summons and complaint to an unidentified clerk is deficient.  First, there is no evidence that this unidentified person is the registered agent associated with Defendant.  *See New York State Secretary of State's Website. N.Y. Dep't of State, Div. of Corps., Corporation & Business Entity Database*, https://apps.dos.ny.gov/publicInquiry/ (search for Broadway Account Services, Inc.) (last visited Jan. 22, 2024).[1]  *See also Yoon v. Toothsavers Dental Laboratory, Inc.*, No. 19 Civ. 2283 (ERK) (VMS), 2020 WL 13580466, at *5 (E.D.N.Y. June 22, 2020) (finding service of process ineffective under federal and New York law where Plaintiff demonstrated no basis of knowledge that employee was legally designated to accept service of process); *Copeland v. U.S. Bank National Association*, No. 2:22-cv-00275-MCS-MAA, 2022 WL 2964378, at *1 (C.D. Cal. Apr. 27, 2022) (finding service of process ineffective under federal and California law where summons and complaint was not served to any authorized persons under Cal. Civ. Proc. Code § 416.10).

A plaintiff's failure to identify the recipient of the summons is not necessarily fatal ; service properly may be effectuated on "Doe" individuals where completed at the address for the registered agent for service of process.  *See J&J Sports Prods., Inc. v. Barksdale*, No. CIV-S-11-2994 JAM, 2012 WL 1353903, at *5 (E.D. Cal. Apr. 13, 2012) ("The mere fact that the service documents were left with an unidentified adult is not fatal to the service, because courts have recognized that persons in apparent charge of businesses often refuse to provide their names for purposes of service, and that it is an accepted practice to name such a person by a fictitious name or by description."), *report and recommendation adopted*, 2012 WL 2376284 (E.D. Cal. June 22, 2012).

Here, however, the address listed in Plaintiff's affidavit of service (the Buffalo address) is different from Defendant's listed address (the Depew address), which is the address at which it is registered with the New York Department of State.  Thus, it also appears that Defendant was not properly served with process as their business address differs from the address where service was

---

[1] The Court notes that Broadway Account Services, Inc. lists no corporate officers or registered agents for service of process in its New York Department of State database.

effected.  Plaintiff's motion for default judgment does not address or otherwise attempt to reconcile this discrepancy.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that, within 14 days of entry of this Order, Plaintiff SHALL FILE supplemental briefing addressing whether service of process was adequate in light of the issues identified herein.  In the alternative, by that same deadline, Plaintiff may comply with this Order by remedying any inadequate service of process and making a filing that demonstrates process has been perfected.

**Failure to timely comply with this Order will result in a recommendation by the undersigned to the assigned district judge that Plaintiff's motion for default judgment (Doc. 9) be denied.**

IT IS SO ORDERED.

Dated:     **January 23, 2024**                              _____
                                                                                    UNITED STATES MAGISTRATE JUDGE